**COMPUTER SALES INTERNATIONAL, INC., Plaintiff-Appellant,**

v.

**Michael E. COLLINS and CIS Corp. Defendants-Respondents.**

**No. 51454.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 25, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 13, 1987.

Application to Transfer Denied
Feb. 17, 1987.

Barbara Wendy Wallace, St. Louis, for plaintiff-appellant.

Mark E. Goodman, Clayton, for Collins.

Harry B. Wilson, St. Louis, for CIS Corp.

KELLY, Presiding Judge.

Computer Sales International, Inc., appeals from the order of the Circuit Court of St. Louis County, Missouri, denying its motion for a preliminary injunction and dismissing its petition. Appellant's petition and motion for preliminary injunction sought to enjoin appellant's former employee, Michael Collins, from violating a covenant not to solicit employer's customers for a period of two years immediately following the termination of his employment with appellant. The trial court found that the covenant not to solicit employer's customers was void for lack of consideration.

We reverse and remand.

Appellant Computer Sales International is a Missouri corporation engaged in the business of buying, selling, and leasing computer equipment. From approximately July 18, 1982, to February 28, 1986, respon-

dent Michael Collins was employed by Computer Sales as a marketing representative. Throughout his employment with Computer Sales, his duties consisted of soliciting and selling to customers of Computer Sales various computer equipment and computer-related equipment. As a result of Collins' employment with Computer Sales, he developed new customer accounts and learned of pricing information and lease expiration dates.

In June, 1982, prior to his employment with Computer Sales, Collins was given a copy of Computer Sales' covenant not to solicit customers, and was told the signing of the covenant was a requirement of employment. Collins did not object to signing the covenent, and did not inform Computer Sales that he would not sign the covenant. However, due to Computer Sales' oversight, Collins did not sign the covenant in July, 1982, when he commenced employment with Computer Sales.

In September, 1983, approximately fourteen months later, Computer Sales discovered that Collins' employment file did not contain a signed covenant. A secretary of the company immediately presented Collins with a blank copy of the covenant and told him that it was necessary for him to sign the covenant. Before signing the covenant, Collins consulted an attorney, who told him the covenant was unenforceable. Collins then signed the covenant on September 9, 1983.

After he signed the covenant, Collins continued to be employed by Computer Sales for two and one-half (2½) years, until he resigned from his position on February 28, 1986. Collins' rate of compensation increased from $97,131.52 in 1983 to $169,827.08 in 1984, and $150,296.40 in 1985.

After resigning from Computer Sales' employment, Collins immediately commenced employment with respondent CIS Corp., a large multistate corporation, which is a competitor of Computer Sales. Collins allegedly began soliciting customers of Computer Sales on behalf of Collins' present employer, CIS Corp. Computer Sales filed a petition seeking a temporary restraining order, preliminary injunction, and permanent injunction against Collins. The trial court granted the temporary restraining order. Shortly thereafter, CIS Corp. was granted leave to intervene.

Following a hearing, the trial court entered an order dissolving the temporary restraining order, and denied Computer Sales' motion for preliminary and permanent injunction, and dismissed its petition with prejudice.

The record clearly indicates that two issues were presented to the trial court. The respondent contends that the appellant's covenant not to solicit customers is unenforceable because: (1) the covenant lacks sufficient consideration; and (2) the covenant lacks a geographical restriction. The trial court did not address the issue of the lack of geographical scope of the covenant, because the trial court found that there was no consideration underlying the covenant. We reverse and remand.

The sole issue on appeal is whether continued employment constitutes consideration sufficient to support an employee's restrictive covenant not to engage in post-employment solicitation of customers.

Respondents assert that because no one ever told Collins that he would be terminated if he did not sign the covenant, there was no understanding between the parties that continued employment was consideration for the signing of the covenant. Therefore, the covenant should not be enforced. However, it is not necessary that a threat of discharge be conveyed before consideration will be established to support a restrictive covenant. *Ranch Hand Foods v. Polar Pak Foods, Inc.*, 690 S.W.2d 437, 442[2] (Mo.App.1985). From the record, it is clear that Collins knew that all marketing representatives employed by Computer Sales were required to sign a covenant not to compete. At all times during Collins' employment, Collins remained an employee at will who could have been terminated by Computer Sales for any reason at any time. In fact, Computer Sales had previously terminated a marketing rep-

resentative who had refused to sign the covenant. The continuation of Collins' employment for approximately 2½ years after he signed the restrictive covenant provides consideration for the covenant.

In *Reed, Roberts Associates, Inc. v. Bailenson*, 537 S.W.2d 238, (Mo.App.1976), the court stated:

> A continuance by employee in the employment of employer where he is under no obligation to remain and that continuance by the employer of the employment where continuance is not required supplies adequate consideration for a secondary contract.
>
> *Reed, Roberts Associates, Inc., supra*, at 241.

In the case at bar, the secondary contract is the covenant not to compete.

Respondents argue that continued employment, by itself, is not sufficient consideration to support a new covenant not to compete. Respondents rely on *Ranch Hand Foods, Inc. v. Polar Pak Foods, Inc.*, 690 S.W.2d 437 (Mo.App.1985). In *Ranch Hand Foods*, the employee was asked to sign an employment contract approximately four months after he began working for his employer, Ranch Hand Foods. Before the employee was hired, Ranch Hand and the employee had previously agreed to the terms of his employment, which did not include a covenant not to compete. Ranch Hand had never mentioned to its employee the requirement for employment of a covenant not to compete, but did include it four months later in the new employment contract. The employee remained with the company four (4) years after he signed the new contract which included the covenant not to compete. The court in *Ranch Hand Foods* held as follows:

> [c]ontinued employment after the employee had agreed to a restrictive covenant limiting his post-employment activities constitutes sufficient consideration, particularly where promotions, increased responsibilities and improved compensa-

tion are implemented after the employee enters into the agreement.

*Ranch Hand Foods, supra*, at 442.

Respondents contend that *Ranch Hand Foods* stands for the proposition that continued employment constitutes sufficient consideration but only when promotions or increased responsibilities are implemented after the employee enters into the agreement. We disagree. The court in *Ranch Hand Foods* simply noted that evidence of promotions, increased responsibilities and improved compensation also provide consideration for the covenant not to compete, *in addition* to the benefits of continued employment.

In the case at bar, Collins knew a covenant not to compete was required for employment, and signed the covenant with no objection. Computer Sales paid Collins in excess of $300,000.00 in salary and commissions subsequent to his signing the covenant. We hold that continued employment for 2½ years of an at-will employee, does constitute sufficient consideration for a restrictive covenant.

■ Furthermore, we find that Collins is estopped from denying the validity of the covenant by his acceptance of benefits of continued employment. The court in *Leonard v. Bennett*, 674 S.W.2d 123, 127[2] (Mo.App.1984), stated that even though a written contract is not signed by one or both of the parties, the acceptance by one of performance by the other validates the instrument, and imposes on the acceptor the corresponding obligation provided therein. Collins accepted the offer of employment, received a copy of the covenant, knew it was a requirement of employment, and is therefore bound by the covenant.

We find that the trial court's conclusion that there was no consideration underlying the covenant is against the weight of the evidence. *Murphy v. Carron*, 536 S.W.2d 30, 32[2] (Mo. banc 1976).

We reverse and remand to the trial court with directions to address the issue of the

reasonableness of the scope of the restrictive covenant.

CRIST and Carl R. GAERTNER, JJ., concur.